IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN CHARLESTON

JAMES T. WASHINGTON,

      Petitioner,

v.                                Case No. 2:07-cr-00180
                                      Case No. 2:10-cv-01379

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the petitioner's Petition for Reduction of Punishment Due to Change In Condition of Law ("Petition," ECF No. 31).  By Standing Order, this case is referred to the undersigned for proposed findings and recommendation for disposition (ECF No. 38).

On November 13, 2007, the petitioner, James T. Washington, pled guilty before the Honorable David A. Faber, United States District Judge, to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (ECF Nos. 14-18).  The petitioner's Presentence Investigation Report ("PSR") held the petitioner responsible for 117.72 grams of crack cocaine, and 100.2 grams of powder cocaine (Sealed PSR, ECF No. 24 at 9).  On April 7, 2008, the petitioner was sentenced to a 96 month term of imprisonment, based upon a Guidelines range of 87-108 months.  (Judgment in a Criminal Case entered April 24, 2008, ECF

No. 22; sealed Statement of Reasons, ECF No. 23 at 3). This sentence was calculated based upon the stipulation in the petitioner's plea agreement that he possessed at least 50 grams but not more than 150 grams of crack cocaine. (Plea agreement, ECF No. 17 at 2.) The petitioner's Base Offense Level of 30 was attributable to this stipulation (ECF No. 23 at 2).

Following his sentencing, the petitioner did not file a direct appeal with the United States Court of Appeals for the Fourth Circuit. Accordingly, for the purpose of collateral review, the petitioner's conviction became final on May 8, 2008, ten business days after Judge Faber entered the petitioner's judgment of conviction. See Clay v. United States, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires").[1]

The instant petition was filed on November 15, 2010. In pertinent part, the petition states the following:

    1. Petitioner/Complainant James T. Washington . . . was

---

    [1]  In United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001), the Fourth Circuit ruled, relying on United States v. Torres, 211 F.3d 836, 837 (4th Cir. 2000), that the conviction of a federal criminal defendant who does not take a direct appeal becomes final on the date the district court enters his judgment of conviction. Torres was reversed by Clay; since then, this Court has applied the Clay rule, by analogy, to defendants who do not take a direct appeal with the result that the conviction is final when the time for taking a direct appeal expires.

charged with & sentenced for an amount of crack cocaine
in a matter terminated 4/24/2008.  To date it has come to
be publically & nationally accepted & admitted that such
charges & resulting sentence are affected by "unwarranted
disparity," is, unjust &unjustified discrimination
relative to [my] rights.  Accordingly, correction is
sought in lieu of Petitioner's rights.

* * *

7. The process, execution, and enforcement [of the
movant's sentence] and records are based on charges and
proceedings based on unwarranted disparity.
8. Accordingly, none of those are entitled to further
faith & credit & in fact as a matter of law there can be
no further faith in the outcome of the associated
criminal matter.
9. While the [Fair Sentencing Act of 2010] is <u>slowly</u>
changing and making correction for errors like those
referenced & implied effecting Petitioner there is no
adequate nor complete remedy at law currently in
existence.
10. Because of the implications of unconstitutionality
associated with crack charging & penalties 18 [U.S.C. §
3582] provides limited remedy in that complete remedy
cannot be had thereunder due to the nature of the remedy
& inability to effect the magistrate office file which
was bound over.  Also, it would require the agency to in
essence confess their own wrongdoing.
11. The legislative and executive are estopped from
contesting or controverting due to their public
admissions of which these authorities may take notice of
under [Federal Rule of Evidence] 201(b)(2).
12. The amount involved in Petitioner's offense was 5-28
grams of "crack" (or cocaine base).  Initially netting 96
months and & 4 years supervised release.
13. The law has changed due to equal protection & due
process issued implicated such that Petitioner could not
or would not have the same 96 months nor 4 years
supervised release.
14. Petitioner's rights have been prejudiced, there is
injury-in-fact, the injury is directly traceable to the
process of respondents, and Petitioner is entitled to
relief.

Conclusion

15. [Section 3582] of the criminal code provides that
Petitioner can & should benefit off retroactive

amendments to guidelines. Retroactivity can be express—as when designated by the Commission or Congress—or it can be expressly implied as a matter of law by the facts & circumstances surrounding reasons for the change in law.

16. Changes made to bring full compliance with Constitution implies prior unconstitutionality. Anything unconstitutional today was never constitutional & so a change based on prior unconstitutionality implies *nunc pro tunc* application of ant correction & at least expressly implies the prior transaction to be disharmony with U.S. Constitution & so unlawful.

17. The Declaratory Judgment Act, 28 [U.S.C. §] 2201-2201, aids in that it provides that the rights, duties, & legal relations of parties may be pronounced & other necessary relief granted.

18. Wherefore it is asked that it be found that the instant sentence of 96 months & 4 years supervised release is in disharmony with law & U.S. Constitution & issue injunction under [Fed. R. Civ. P.] 65 to compel that it be voided along with execution and commitment warrant & sentence may not be reimposed nor enforced in any manner inconsistent with the amended ranges in [the Fair Sentencing Act].

(Petition, ECF No. 31, at 1-3.)

Essentially, the petitioner requests that his sentence be reduced in light of the passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("the Act"). That statute modified several aspects of sentencing for crack cocaine offenses, particularly with regards to the disparity between sentences for powder and crack cocaine. The Act increased the amount of crack cocaine required for a five year mandatory minimum from five grams to twenty eight grams. See § 2(a)(2) of the Act ("striking '5 grams' and inserting '28 grams'" in 21 U.S.C. § 841(a)(1)(B)(iii)). As of this date, the guidelines provide that the base offense level for 50-150 grams of cocaine base remains at 30.

4

The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, is an inappropriate cause of action for challenging a sentence, as the purpose of that statute "is to clarify legal relationships before they have been disturbed or a party's rights violated." Travelers Ins. Co. v. Davis, 490 F.2d 536, 543 (3d Cir. 1974). See also Hurley v. Lindsay, 207 F.2d 410, 411 (4th Cir. 1953) (holding that the proper mechanism to challenge an irregularity in a prisoner's sentence is a 2255 motion, and not a petition for a declaratory judgment). The undersigned proposes that the presiding Senior District Judge **FIND** that the petitioner has failed to state a claim for which relief can be granted.[2]

Moreover, the petitioner's claim fails on the merits. The Fourth Circuit recently addressed the petitioner's arguments in United States v. Bullard, ---F.3d ----, 2011 WL 1718894, 2011 U.S. App. LEXIS 9307 (4th Cir. May 6, 2011). In that case, the defendant argued that his sentence was unconstitutional as it was "based on the inherently discriminatory disparity in punishment between crack and powder cocaine offenses resulting in [his] receiving a longer sentence based on his race." Id. at Westlaw *7, Lexis *19. Citing settled precedent, the Fourth Circuit again concluded that the disparities between crack and powder sentences

---

[2]   Construing his Petition as a motion under Section 2255 would also be unhelpful, inasmuch it was filed more than one year after the date that his conviction became final.

do not violate equal protection or due process.

The defendant in <u>Bullard</u> also argued that the Act should be interpreted to apply retroactively.  The Fourth Circuit rejected this argument as well, holding that application of the General Savings Statute, 1 U.S.C. § 109, bars the Act's retroactive application.

The undersigned therefore proposes that the presiding Senior District Judge **FIND** that the petitioner is not entitled to relief. It is respectfully **RECOMMENDED** that the petitioner's Petition (ECF No. 31) be **DENIED.**

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED,** and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties and Senior Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner, and to transmit it to counsel of record.


June 8, 2011                        _Mary E. Stanley_____
       Date                         Mary E. Stanley
                                    United States Magistrate Judge

7